# UNITED STATES of America, Plaintiff–Appellee,

v.

# Fernando ROSAS–DIAZ, Defendant–Appellant.

## No. 04–40872.

## Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Fernando Rosas–Diaz (Rosas) appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Rosas contends that his sentence is invalid in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the sentencing judge applied the sentencing guidelines as if they were mandatory. Because Rosas did not raise this issue in the district court, we review it only for plain error. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005); *see also United States v. Malveaux,* 411 F.3d 558 (5th Cir. 2005). To prevail under a plain error analysis, Rosas must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. *Valenzuela–Quevedo,* 407 F.3d at 733.

Rosas fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. *See id.* at 733–34. He thus fails to establish prejudice to his substantial rights. *See id.*

Rosas argues pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by *Almendarez–Torres,* and he raises it solely to preserve it for Supreme Court review.

---

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). The Supreme Court's recent decisions in *Shepard v. United States,* — U.S. —, — – — & n. 5, 125 S.Ct. 1254, 1262–63 & n. 5, 161 L.Ed.2d 205 (2005), *Booker,* and *Blakely v. Washington,* — U.S. —, —, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), also did not overrule *Almendarez–Torres.* We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.